UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:20-cr-0020-JMS-MJD |
| ) | |
| CHARLES BELLARD, ) | - 01 |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On November 25, 2025, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on January 27, 2025. Defendant Bellard appeared in person with his appointed counsel Gwendolyn Beitz. The government appeared by Adam Eakman, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Martin Burtt.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Bellard of his rights and provided him with a copy of the petition. Defendant Bellard orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Bellard admitted violation number 1. [Docket No. 54.] The Government orally moved to withdraw the remaining violations. Said motion was granted by the Court; violation numbers 2, 3, 4, and 5 dismissed.

3. The allegation to which Defendant admitted, as set forth in the petition, is:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not commit another federal, state, or local crime."** |
| | On January 23, 2025, Mr. Bellard was involved in an automobile accident in Jasper, County, IN. According to the Affidavit for Probable Cause, allegedly, the offender was driving a stolen vehicle (Level 6 Felony) and failed to stop at the scene of the crash (Class B Misdemeanor). Additionally, allegedly a bag of marijuana (Class B Misdemeanor) was found inside the vehicle. |

Defendant further admitted that on or about November 17, 2025, he was convicted of Auto Theft and Possession of Controlled Substances under Jasper Superior Court Case Number 37D01-2501-F6-000081, as a result of the January 23, 2025 incident. He was sentenced to time served.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is IV.

   (c) The advisory range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

5. The parties jointly recommended a sentence of 18 months' incarceration with no supervised release to follow. Defendant requested placement at a facility in or close to California and waived the BOP requirement to be housed within 500 driving miles of prisoner's residence.

The Magistrate Judge, having considered the relevant factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or her designee for a period of 18 months with no supervised release to follow. The Magistrate Judge will make a recommendation of placement

at a facility in or as close as possible to California. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

So RECOMMENDED.

Date: 11/26/2025

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system